■ JAMES BEATTY, Respondent, v LAMONT WILLIAMS, Appellant, et al., Defendants. (Appeal No. 2.) [643 NYS2d 457] —Order unanimously affirmed without costs. Same Memorandum as in *Beatty v Williams* ([appeal No. 1], 227 AD2d 912 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Renewal.) Present—Pine, J. P., Wesley, Callahan, Doerr and Boehm, JJ.

■ JAMES BEATTY, Respondent, v LAMONT WILLIAMS, Appellant, et al., Defendants. (Appeal No. 3.) [643 NYS2d 458] —Order unanimously reversed on the law without costs and cross motion granted in accordance with the same Memorandum as in *Beatty v Williams* ([appeal No. 1], 227 AD2d 912 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Post Security.) Present—Pine, J. P., Wesley, Callahan, Doerr and Boehm, JJ.

■ SEEMA D. JOSHI, Respondent, v ATUL JOSHI, Appellant. [643 NYS2d 436] —Order unanimously reversed on the law without costs, motion granted and judgment vacated. Memorandum: Supreme Court erred in denying defendant's motion to vacate the default judgment of divorce. The judgment was granted on the same day that the court denied defendant's motion to dismiss the complaint for failure to state a cause of action and for lack of personal jurisdiction. The record does not support the court's determination that the notice of motion to dismiss was untimely. Thus, defendant was entitled to an extension of time to serve his answer until 10 days after service of notice of entry of the order denying his motion (*see,* CPLR 3211 [f]). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Vacate Default Judgment.) Present— Pine, J. P., Wesley, Callahan, Doerr and Boehm, JJ.

■ WILLIAM MARFURT, Doing Business as WILLIAM MARFURT LANDSCAPING & EXCAVATING CO., Respondent, v COLLEGE PARK ASSOCIATES, Appellant. (Appeal No. 1.) [643 NYS2d 266] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in awarding plaintiff damages for the extra cost of rock removal on work performed under the contract. Contrary to plaintiff's contention, the language of the contract, which provides for "[s]ite cuts and fill", with "[n]o blasting", is unambiguous. The question whether a contract term is ambiguous is one of law to be resolved by the court. The rules governing the construction of an ambiguous contract are not triggered unless the court first finds an ambiguity (*see, Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548; *Marine*